520

# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 9, 1917.

SAFE DEPOSIT AND TRUST COMPANY, TRUSTEE,
VS.
JULIE P. MORGAN, ADMINISTRATRIX AND GUARDIAN, ET AL.

*Venable, Baetjer & Howard* for Safe Deposit and Trust Company.

*Eugene O'Dunne* for Julie P. Morgan, guardian of children of Howard Morgan, deceased, and for Emily Morgan, guardian.

*Semmes, Bowen & Semmes* for Rosa McC. Lockwood.

*Marbury, Gosnell & Williams* and *E. A. Dent,* of Washington, for Emily Proctor.

*Haman, Cook, Chesnut & Markell* for Mary M. Nichols and Rowland Morgan.

*Duvall & Baldwin* for H. T. Stoddart.

DUFFY, J.—

Mary Morgan and her sons, Samuel and Howard, being dead, the trust will continue during the lives of Mary Nichols and Rowland Morgan and the survivor of them.

Mary Morgan and her son Samuel, having predeceased the testator, his third of the income is payable to his children, Rodney and John Morgan, because they come within that provision pertaining to distribution of income, to wit, "the children of any deceased child (of Mary Morgan) to take the part of said income to which the parent would have been entitled if living." By this provision they became substituted legatees of income in place of their father. This will speaks from the death of the testator as to the persons who were intended by him to enjoy the income. Taylor vs. Watson, 75 Md. 527. On his death, Mary Morgan being dead, a vested life estate in the one-third of the income devolved upon that one of the three children of Mary who should be the survivor, and a vested estate for the life of the survivor in one-third of the income vested in each of the other two, subject, however, to the operation of the clause above quoted, if either of the other two should leave child or children on his or her death.

The testator began the ninth clause with the statement that the property bequeathed was for the benefit of his daughter, Mary, and all of her children. This meant the three children of Mary living at the time of her death. The practical effect of the provision being to extend the income enjoyment period until after the deaths of two of these three children of Mary. If he had omitted the clause quoted, it would have been plain that he intended the shares of the income which devolved upon each of the three children of Mary to vest in them absolutely for the whole income enjoyment period. The insertion of this clause in the will was clearly intended to substitute in place of Howard McCay Morgan his surviving children for the residue of the income enjoyment period. It follows from this that the executrix of Howard McCay Morgan has no title to income accruing after his death.

The principle applied in Cox vs. Handy, 78 Md. 120, is applicable. In that case the court was considering the devolution of the corpus, and here we are considering the devolution of an estate in income *pur autre vie* upon the death of a party entitled thereto before the termination of the income enjoyment period. But in both cases the provision concerning the taking by the children of a deceased child is the same.

Upon termination of the trust the corpus should be distributed to those who are at that time descendants *per stirpes* of Mary Morgan, if there are any such living at that time. This must be so because it is the manifest intention of the testator to postpone the enjoyment of the corpus until the expiration of the period during which the income is to be enjoyed by those entitled thereto. Inasmuch as the testator planned to extend the income enjoyment period until Mary Morgan and all of her children living at the time of the testator's death should have died, it must have been known

to him that the class who would come into the enjoyment of the corpus upon the termination of the trust would be different, and was in part from the changing class who would enjoy the income during the continuance of the trust.

I have expressed this opinion as the distributing was urged at the hearing. It would not, however, be appropriate for me to so adjudicate by decree, as the time for distribution of the principal will not come until after the deaths of Mrs. Nichols and Rowland Morgan.

See Thomas vs. Levering, 73 Md. 459.

In, accordance with the foregoing opinion, it is ordered, adjudged and decreed, this 9th day of November, 1917, by the Circuit Court No. 2 of Baltimore City, that by the true construction of the will of Joshua P. McCay, Howard McCay Morgan having died April 20th, 1917, the right and title to one-third of the income provided for in the ninth item of the will shall be hereafter payable as it accrues to his children, Rodney McCay Morgan and John Phillips Morgan, or to their guardian during minority, share and share alike, absolutely, until the death of the survivor of Mary Morgan Nichols and Rowland Morgan.

HENRY DUFFY.